IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERESA P., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of the <br> Social Security Administration, <br><br> Defendant, | **MEMORANDUM DECISION AND ORDER** <br><br> Case Number: 1:21-cv-00067-CMR <br><br> **Magistrate Judge Cecilia M. Romero** |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for Disabled Widow's Insurance Benefits under Title II of the Social Security Act (Act) (ECF 18). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on July 12, 2022, the undersigned concludes that the Commissioner committed reversible error. For the reasons stated on the record at the Hearing, and as outlined below, the court GRANTS Plaintiff's Motion for Review of Agency Action, REVERSES the Commissioner's decision, and REMANDS this action for further administrative proceedings consistent with this decision.

I.      BACKGROUND

On January 23, 2019, Plaintiff applied for Disabled Widow's Insurance Benefits, alleging disability beginning January 1, 2004, due to narcolepsy with cataplexy, fibromyalgia, chronic fatigue/excessive daytime sleepiness, depression, and anxiety (Administrative Transcript (Tr.) at

1

82–83, 94). Plaintiff's claim was initially denied on June 12, 2019 (Tr. 81), and on reconsideration on September 13, 2019 (Tr. 93–94). Plaintiff attended an ALJ hearing (Tr. 39–61) on July 15, 2020, after which the ALJ issued an unfavorable decision dated September 15, 2020 (Tr. 16–30).

In his decision, the ALJ found Plaintiff met the non-disability requirements for disabled widow's benefits and the prescribed period ends on January 31, 2026 (Tr. 18). The ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, January 13, 2019 (Tr. 18). The ALJ found Plaintiff suffered from the severe impairments of narcolepsy, a depressive disorder, and an anxiety disorder; none of which met or medically equaled a listed impairment (Tr. 18–19). The ALJ determined Plaintiff has the residual functional capacity to perform light work except:

> She can frequently climb ramps or stairs; never climb ladders, ropes, or scaffolds; and frequently balance, stoop, kneel, crouch, and crawl. She has no manipulative limitations. She must avoid concentrated exposure to vibration and all exposure to hazards, including unprotected heights and dangerous moving machinery. She can understand, remember, and carry out simple, routine instructions and tasks, with few workplace changes and only simple work-related decisions. She must avoid work involving fast-paced production requirements.

(Tr. 22). The ALJ concluded Plaintiff has no past relevant work but was capable of performing other work as a price marker/checker, ticket seller/taker, and rental clerk (Tr. 28–29). Thus, the ALJ found Plaintiff not disabled (Tr. 29–30). On February 26, 2021, the Appeals Council denied review, making the ALJ's decision the final Agency decision (Tr. 1–3). This Appeal followed. This Court has jurisdiction under 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *E.g.*, *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error could also apply in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## III.  DISCUSSION

In determining whether a claimant qualifies as disabled, the Commissioner employs a five-part sequential evaluation. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ's decision summarizes the five-part sequential evaluation process. A claimant's residual functional capacity (RFC) is the fourth step of the process. *Id.* The RFC reflects the ability to do physical, mental, and other work activities on a sustained basis despite limitations from the claimant's impairments. 20 C.F.R. § 404.1545. The claimant has the initial burden of establishing the disability that it prevents him from engaging in his prior work activity in the first four steps. *Ray v. Bowen*, 865 F.2d 222, 224

(10th Cir. 1989).

Plaintiff's opening brief alleges that the ALJ's RFC determination is not supported by substantial evidence (ECF 18) because the ALJ failed to properly evaluate the opinion evidence of record, particularly with respect to symptoms of fibromyalgia. Plaintiff's opening brief further alleges that the ALJ committed legal error in rejecting Plaintiff's subjective limitations, and in finding her fibromyalgia non-medically determinable. The Commissioner responds that the ALJ's RFC determination is supported by substantial evidence, as the decision discounted Plaintiff's subjective reports and relied on the prior administrative findings for support (ECF 24). The Commissioner further argues that the ALJ reasonably found the opinions of Drs. Allen and Hammond unpersuasive.

For the reasons stated herein, the Court agrees with Plaintiff that the ALJ's lack of analysis regarding Plaintiff's fibromyalgia was error, requiring remand. As the Court finds remand warranted based on this issue, and considering this error was in the early stages of the sequential process, the Court does not address the additional arguments raised by the parties.

**A. The ALJ did not perform an evaluation of Plaintiff's fibromyalgia as required by the Commissioner's regulations.**

Plaintiff argues that the ALJ's decision performs only half of the relevant inquiry as related to her fibromyalgia. Specifically, she alleges that the ALJ did not evaluate Plaintiff's fibromyalgia under Part B of SSR 12-2p. As a threshold matter, it should be noted that the unique nature of fibromyalgia makes "relatively benign" findings of little import to such an inquiry. *Moore v. Barnhart*, 114 F. App'x 983, 991 (10th Cir. 2004) ("Symptoms [of fibromyalgia] are entirely subjective. There are no laboratory tests for the presence of severity of fibromyalgia."); *Brown v. Barnhart*, 182 F. App'x 771, 773–74 & n.1 (10th Cir. 2006) ("What makes fibromyalgia difficult

4

to analyze in the social security disability context is the lack of objective symptoms.").

Agency guidelines provide two pathways to evaluate fibromyalgia. The first path is a set of guidelines developed in 1990 and is referred to in SSR 12-2p as Part A: fibromyalgia may be considered medically determinable if a claimant can show a history of widespread pain, at least 11 out of the 18 recognized tender points, and evidence that other disorders which could have caused the same symptoms were excluded. Evaluation of Fibromyalgia, 77 Fed. Reg. 43,640, 43,641 (July 25, 2012) (SSR 12-2p). However, there is another route. The second path is a set of guidelines developed in 2010 and is referred to in SSR 12-2p as Part B: this requires a claimant to present the following: "(1) A history of widespread pain . . . (2) Repeated manifestations of six or more FM symptoms, signs, or co- occurring conditions . . . and (3) Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id.* at 43,642.

In the ALJ's decision, the diagnosis of fibromyalgia was discussed in paragraph at Step 2 of the five-step analysis (Tr. 19). The ALJ concluded the fibromyalgia was not a medically determinable impairment and therefore did not consider it further in subsequent steps. In Step 2, the ALJ observed that Plaintiff had treatment for the disease but exhibited relatively benign findings such as "evidence of some thoracic and lumbar muscle spasm, but no neurological findings and no evidence of trigger point tenderness." (Tr. 19). Thus, the ALJ did note the absence of tender points, which suggests that he did consider Part A of SSR 12-2p. However, the ALJ did not evaluate the repeated manifestation of six or more fibromyalgia signs and symptoms that would guide an analysis through Part B of SSA 12-2p. This was error because according to the records presented in this case, Plaintiff exhibits more than six of such manifestations. Plaintiff points to

5

evidence in the record of depression (Tr. 346, 348, 356, 364, 426, 440-41, 522), anxiety or nervousness (Tr. 346, 364, 409), fatigue (Tr. 356, 379, 420, 426, 440, 522), decreased concentration or fogginess (Tr. 346, 364, 420, 426), headaches (Tr. 356, 363, 436), irritable bowels (Tr. 348, 355, 363, 415, 426), and pain and spasm (Tr. 356, 381, 416-17, 425, 440-41, 523). This list is non-exhaustive but represents evidence that should have been evaluated in addressing the proposition that Plaintiff may meet the Part B criteria for her fibromyalgia. The repeated manifestation of these symptoms should have triggered an analysis of Part B, as defined by SSR 12-2p.

The Court agrees with Plaintiff that the ALJ failed to consider the alternative test set forth in Part B of SSR 12-2p, which is error under the facts of this case. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) ("Where the rights of individuals are affected, an agency must follow its own procedures."). Where the trigger points were not present under Part A, but evidence was in the record of Part B criteria, Part B should also have been considered.

The Commissioner argues that Plaintiff had waived the issue of fibromyalgia, with her representative declining to argue the point at the hearing. Counsel at the ALJ hearing stated that a finding of fibromyalgia would be difficult (Tr. 45), which suggests the issue was waived. Plaintiff maintains that her representative's acquiescence did not relieve the ALJ of his duty to evaluate the impairment of fibromyalgia under the Commissioner's guidelines, and the Court agrees. Pursuant to 20 C.F.R. §§ 404.900(b), .944, and .946(b)(1), the ALJ is required to make an independent consideration of issues even if not raised by the parties and then articulate those reasons. The doctrine of waiver that applies in civil litigation does not apply in the social security context due to the non-adversarial nature of the proceedings. *Sims v. Apfel*, 530 U.S. 103 (2000). The Supreme

Court recently reanalyzed and affirmed the reasoning from *Sims* when addressing the issue of waiver, albeit in the context of constitutional claims raised in a social security appeal. *Carr v. Saul*, 141 S.Ct. 1352, 1359–60 (2021). The social security process is so informal that claimants are generally not even expected to develop issues before an ALJ. *Carr*, 141 S.Ct. at 1359. Rather, as noted above, agency regulations require that the ALJs will "loo[k] fully into the issues" themselves, 20 C.F.R. § 404.944. The ALJ may even raise a new issue itself prior to issuing a hearing decision, 20 C.F.R. § 404.946(b)(1).

In this case, notwithstanding counsel's apparent waiver of fibromyalgia at the administrative hearing, the ALJ did evaluate and consider fibromyalgia. The error in this case is that the ALJ considered only one set of criteria for fibromyalgia but not the alternate, updated set of criteria that were supported by symptoms reported in the medical records in this case. The ALJ considered the criteria set forth in Part A of SSR 12-2p when the ALJ evaluated Plaintiff's tender points, a key component of Part A of SSR 12-2p. The ALJ did not consider the criteria for fibromyalgia under Part B of SSR 12-2p, which are not necessarily dependent on tender points and looks instead at other symptoms.

The Court agrees with Plaintiff that the ALJ should have evaluated her signs and symptoms under Part B of SSR 12-2p. The ALJ's decision lacks a comparison between the record evidence and Part B of SSR 12-2p, and this Court cannot conduct a meaningful review of the ALJ's findings due to this deficit. This Court cannot "draw factual conclusions on behalf of the ALJ." *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). As such, this claim requires remand for further administrative proceedings, including an evaluation of the Part B criteria. As noted above, having decided this matter on the basis of the Part B criteria, the court declines to consider the other

arguments raised by the parties.

## IV. CONCLUSION AND ORDER

For the reasons stated at the Hearing, and as outlined above, Plaintiff's Motion for Review of Agency Action (ECF 18) is GRANTED, the Commissioner's decision is REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Decision and Order.

DATED this 22 August 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah