IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TERESA P.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 1:21-cv-00067-CMR<br><br>**MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY FEES**<br><br>Magistrate Judge Cecilia M. Romero |

## I.　BACKGROUND

All parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). In a Memorandum Decision and Order (ECF 33), the court determined that the Administrative Law Judge (ALJ) "did not consider the criteria for fibromyalgia under Part B of SSR 12-2p" at step two of the five-part sequential evaluation process (ECF 33 at 7). *See* 20 C.F.R. § 404.1520(a)(4). The court therefore reversed and remanded the decision of the Commissioner of Social Security (Commissioner) denying Plaintiff Teresa P.'s (Plaintiff) claim for Disabled Widow's Insurance Benefits under Title II of the Social Security Act (Act).

Before the court is Plaintiff's Motion for Attorney Fees (Motion) (ECF 35) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. In the Motion, Plaintiff requests an award of $8,466.84 in attorney fees, $17.58 in expenses, and $402 in costs (ECF 35 at 1).[1] Plaintiff's attorney fee request is comprised of 20.9 attorney hours in 2021, 12.7 attorney hours in 2022, and 5.6 paralegal hours (ECF 35 at 3). The Commissioner opposes the Motion on the ground that

---

[1] The Commissioner does not provide any arguments in opposition to the award of expenses or costs to Plaintiff.

1

Commissioner's position was substantially justified and alternatively requests a reduction of the amount requested (ECF 37).[2] The court has also considered Plaintiff's Reply (ECF 38) addressing the Commissioner's arguments and requesting an additional award of $1,033.97 in attorney fees for drafting the Reply. Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion and awards $8,257.92 in EAJA fees to Plaintiff.

## II. DISCUSSION

### A. Substantial Justification

Under the EAJA, "a court shall award to a prevailing [plaintiff] fees and other expenses ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner has the "burden of demonstrating that the government's position was substantially justified." *Lopez v. Berryhill*, 690 F. App'x 613, 613 (10th Cir. 2017) (citing *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)). The Commissioner's position was "substantially justified" if it was reasonable in law and in fact and "can be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007)). While an award of fees under the EAJA is not automatic, *see Hadden*, 851 F.2d at 1269, the Tenth Circuit has held "that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'" *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

---

[2] The Commissioner does not argue that the hourly rates requested by Plaintiff are unreasonable.

Here, the Commissioner contends that his litigation position was substantially justified for primarily the same reason previously raised in opposing remand—that "the ALJ did not err because Plaintiff's counsel had affirmatively represented to the ALJ that Plaintiff was not seeking an evaluation under SSR 12-2p because the record evidence was not sufficient to satisfy SSR 12-2p" (ECF 37 at 6). The Commissioner contends that there was a reasonable basis in both law and fact for this argument. The court disagrees. The Commissioner does not dispute the court's findings that "the ALJ did not evaluate the repeated manifestation of six or more fibromyalgia signs and symptoms that would guide an analysis through Part B of SSA 12-2p" or that Plaintiff pointed to evidence in the record that she "exhibits more than six of such manifestations" (ECF 33 at 5–6). Nor does the Commissioner dispute that the ALJ must make an independent consideration of these issues even if not raised by the parties. *See* 20 C.F.R. §§ 404.900(b), .944, and .946(b)(1).

Accordingly, the court finds that the Commissioner's litigation position was not substantially justified. Plaintiff is therefore entitled to an award of attorney fees under the EAJA.

### B. Reasonableness of Fee Amount

Once the court determines that the government's position was not substantially justified, "then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008). The court in its discretion may reduce an award by excluding hours that were not reasonably expended. *See* 28 U.S.C. § 2412(d)(1)(C). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Tenth Circuit recognizes that attorneys should exercise "billing judgment" regarding the number of hours actually billed. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). To show appropriate billing judgment, an

attorney "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir. 1996)). The court "has a corresponding obligation to exclude hours not reasonably expended from the calculation." *Id.* (quoting *Malloy*, 73 F.3d at 1018).

Here, the Commissioner asks the court to exclude several time entries in Plaintiff's counsel's billing records, arguing that these entries correspond to administrative and/or clerical tasks that are not compensable under the EAJA (ECF 37 at 8–11). Plaintiff disputes that the time entries are not compensable (ECF 38 at 3–7). "Although EAJA provides for an award of 'fees and expenses ... incurred by [a] party in any civil action ... brought by or against the United States[,]' clerical work and overhead expenses are not compensable." *Villalobos v. Colvin*, No. 1:15-cv-463-CG, 2016 WL 10179289, at *2 (D.N.M. July 12, 2016) (quoting 28 U.S.C. § 2412(d)(1)(A)) (collecting cases).

Upon review of the time entries at issue here, the court agrees with the Commissioner that several entries correspond to clerical tasks that are not compensable under the EAJA. Those non-compensable clerical tasks include work related preparing files for attorney review, preparing the retention letter and fee agreement, and processing the administrative record. *See, e.g.*, *Ayze v. Kijakazi*, No. 1:20-cv-338-JB-JHR, 2022 WL 17038637, at *5 (D.N.M. Nov. 17, 2022) (filing documents and reviewing notices or other routine filings on the docket are clerical tasks that cannot be compensated as attorney's fees under the EAJA); *see also Hardister v. Kijakazi*, No. 1:21-cv-50-DBP, 2022 WL 2304284, at *3 (D. Utah, June 27, 2022) (reducing "the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents").[3] Accordingly, the court deducts 1.4 hours of paralegal time from

---

[3] In arguing these fees are compensable, Plaintiff primarily points to decisions from district courts outside of the Tenth Circuit, which the court does not find to be persuasive (ECF 38 at 3–4).

Plaintiff's fee request for clerical work.[4] The Commissioner asks the court to deduct attorney time for clerical tasks such as reviewing filings (ECF 37 at 8-9) but does not identify the specific time entries that are non-compensable. The court therefore declines to deduct attorney time for clerical work.

Although the Commissioner seeks to exclude time spent preparing the civil cover sheet, courts have approved time spent drafting the complaint, even when that time entry includes other work deemed clerical. *See, e.g.*, *Apachito v. Berryhill*, No. 1:17-cv-504-JCH-SMV, 2018 WL 5112908, at *2 (D.N.M. Oct. 19, 2018) (noting preparation of the civil cover sheet is clerical but nonetheless allowing 1 hour for time entry "complaint, summons, transmittals, and civil cover sheet"). The court will therefore allow attorney time spent drafting the complaint and civil cover sheet in this case.

The Commissioner also argues that attorney fees requested by Plaintiff should be reduced as duplicative because of six attorneys working on this case (ECF 37 at 10). Specifically, the Commissioner points to duplicative review of the transcript with attorney Amy Ganetis (Ms. Ganetis) spending 4.8 hours reviewing the transcript and then attorney Matthew McGarry (Mr. McGarry) again reviewing the transcript in preparing the reply brief (ECF 35-3 at 2). Plaintiff argues this time is compensable because Ms. Ganetis was a contract attorney, and it was Mr McGarry's responsibility to review her work, but does not cite to any authority to support this argument (ECF 38 at 7). The court agrees that this time is duplicative and therefore deducts 4.8 hours of 2021 attorney time.

---

[4] This deduction corresponds with the following time entries: 0.6 hours on 4/23/21 for "FDC contract and other rep documents prepared for Client completion"; 0.3 hours on 4/26/21 for "FDC contract and other rep docs returned via Right Sig., reviewed for completion"; 0.5 hours on 9/28/21 for "Combine, Strip PDF/A, OCR & Live Bookmark Federal Court Transcript (535 pages)" (ECF 37 at 8–9). The court declines to deduct 0.7 hours on 11/15/22 for "Ready EAJA motion, memorandum, time records, exhibits, certificate, send to Local Counsel" (ECF 35-2) because the court does not interpret this entry as seeking time for clerical work as argued by the Commissioner (ECF 37 at 9).

Lastly, the Commissioner seeks to exclude the time Plaintiff spent in connection with the reply brief (ECF 37 at 11). The Commissioner contends that he lodged objections to Plaintiff's fee request because Plaintiff included non-compensable time explaining the reasonableness of the hours expended (ECF 37 at 11). This argument lacks merit as the reasonableness of the hours was not the sole basis for the Commissioner's objections because the Commissioner also argued that her litigation position was substantially justified. Plaintiff's reply brief addressed both arguments raised by the Commissioner, and the court therefore rejects the Commissioner's contention that Plaintiff should not be awarded attorney fees for her reply brief. *See Ramirez v. Kijakazi*, No. CV 21-0458 KRS, 2023 WL 2167294, at *4 (D.N.M. Feb. 22, 2023) (awarding EAJA fees for the reply brief in support of the fee request).

Based on the foregoing, the court will deduct 1.4 hours of paralegal time ($140.00) and 4.8 hours of attorney time ($1,102.89). With this deduction of $1,242.89 in fees and the addition of $1,033.97 in fees for the Reply brief, the court awards a total of $8,257.92 in EAJA fees to Plaintiff.

### III. CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that Plaintiff be awarded attorney fees pursuant to the EAJA in the amount of $8,257.92 for attorney fees, $17.58 in expenses, and $402 in costs.

**IT IS FURTHER ORDERED** that if, after receiving the court's EAJA fee order, the Commissioner (1) determines upon effectuation of the court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

DATED this 10 November 2025.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah